IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTONIO HILL, JR.          :

                           :

   v.                    : Civil Action No. DKC-16-104
                            Criminal Case No. DKC-12-375
                         :

UNITED STATES OF AMERICA    :

**MEMORANDUM OPINION**

Presently pending is the amended motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Antonio Hill, Jr. ("Petitioner"). (ECF No. 303). For the following reasons, counsel will be appointed and an evidentiary hearing will be scheduled on the § 2255 petition.

**I.  Background**

On July 9, 2012, a grand jury sitting in the District of Maryland returned a two count indictment charging Petitioner with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846 ("Count 1") and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) ("Count 2"). (ECF No. 1). On January 31, 2013, counsel for Petitioner moved to suppress all of the evidence uncovered from a June 24, 2011, search and subsequent evidence discovered linking Petitioner to

drug trafficking as the fruit of an unlawful search. (ECF No. 150).

The court held a suppression hearing on May 20, 2013. The Government called the police officer who conducted the search to the stand, and he provided his versions of events. The officer stated that his partner first attempted a "key turn" using a key gained from Petitioner's codefendant. After determining that the key fit, the officer knocked on the door, and Erico opened the door "all the way" which allowed the officer to see drugs and a small child in the apartment. The officer testified that after Erico opened the door, Erico became belligerent, so the officer detained him. The officer then conducted a protective sweep of the apartment and applied for and obtained a search warrant. (ECF No. 283, at 35-39).

Petitioner claims that, prior to filing the motion to suppress, Petitioner and counsel "had conferred with [Erico] . . . with respect to having [him] testify" about the search. (ECF No. 303, at 2). Erico "indicated to both Petitioner and counsel that he [was] willing to testify" that police opened the door to search the apartment and that he never opened the door. (*Id.*). Petitioner contends that the facts are as follows: On June 24, 2011, using a key obtained from one of Petitioner's codefendants, local police opened the door to an apartment in Maryland. Petitioner's brother, Erico, and his young son were

2

asleep inside the residence at the time. Police closed the door, then reopened the door and ordered Erico to exit the apartment. Police placed Erico in handcuffs, brought him back inside the apartment, and then conducted a search finding marijuana and other evidence of drug trafficking. (ECF No. 303, at 4-5).

Petitioner requested counsel call Erico to testify, but counsel refused. (ECF No. 303, at 2). Counsel did not call any other witnesses to testify about the search, and, thus, the undisputed evidence was that "somebody open[ed] the door all the way and right in front of [the police was] contraband." (ECF No. 283, at 67). The court denied the motion to suppress. (ECF No. 186).

On June 12, 2013, Petitioner pleaded guilty to Count 1 and Count 2 contained in the Second Superseding Indictment. (ECF No. 170). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit. (ECF No. 279). The Fourth Circuit affirmed and issued its mandate on May 5, 2015. (ECF Nos. 289, 290).

On January 4, 2016, Petitioner filed a motion to vacate sentence, alleging ineffective assistance of counsel, pursuant to 28 U.S.C. § 2255. (ECF No. 302). Petitioner filed an amended motion to vacate sentence on January 13. (ECF No. 303).

The Government was directed to respond and it did so on May 20. (ECF No. 314).

**II. Motion to Vacate Due to Ineffective Assistance of Counsel**

**A. Standard of Review**

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978).

A petitioner alleging ineffective assistance of counsel must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). In determining objective reasonableness, "[j]udicial scrutiny of counsel's performance must be highly deferential[,]" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Courts must assess the reasonableness of attorney conduct "as of the time their actions occurred, not the

conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000).

In the context of a § 2255 petition challenging a conviction following a guilty plea, a petitioner establishes prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S.Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). A petitioner must also "convince the court" that such a decision "would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). Therefore, a petitioner's subjective preferences are not dispositive. *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012). Instead, "[w]hat matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *Id*.

Pursuant to 28 U.S.C. § 2255(b), an evidentiary hearing is appropriate where a petitioner "has pled facts that, if established, entitle him to relief, and there is a material dispute regarding those facts." *Jones v. United States*, No. DKC-14-0176, 2018 WL 1069438, at *3 (D.Md. Feb. 27, 2018); *accord United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla*, 559 U.S. 356. "To warrant an evidentiary hearing on an ineffective assistance of

5

counsel claim, the [petitioner] need establish only that he has a plausible claim of ineffective assistance of counsel[.]" *Jones*, 2018 WL 1069438, at *3 (quoting *Puglisi v. United States*, 586 F.3d 209, 213 (2ᵈ Cir. 2009)). The question of whether an evidentiary hearing is necessary is "left to the common sense and sound discretion of the district judge[.]" *West v. United States*, No. DKC-13-0558, 2018 WL 529619, at *4 (D.Md. Jan. 24, 2018) (citing *Raines v. United States*, 423 F.2d 526, 531 (4ᵗʰ Cir. 1970)). "A hearing is generally 'required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue.'" *United States v. Smith*, No. ELH-15-457, 2015 WL 4509955, at *1 (D.Md. July 24, 2015) (quoting *United States v. Robertson*, 219 F.App'x 286, 286 (4ᵗʰ Cir. 2007); *see United States v. Ray*, 547 F.App'x 343, 345 (4ᵗʰ Cir. 2013) ("An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue.") (citing *United States v. Witherspoon*, 231 F.3d 923, 926–27 (4ᵗʰ Cir. 2000)).

**B. Analysis**

Petitioner argues that his counsel's performance was objectively unreasonable because counsel failed to call a critical defense witness, Erico, who would have testified that

6

police barged into the apartment without permission and without cause. According to Petitioner, counsel failed to call Erico even though he was aware that Erico would testify and Petitioner urged him to call Erico. (ECF No. 303, at 4). The Government does not contend that failing to call a critical witness would be objectively reasonable, but it argues that counsel did not commit any error because counsel was not aware that Erico was willing to testify. (ECF No. 314, at 3).

The Government bases its argument on the affidavit of Petitioner's counsel who denies knowledge of Erico's willingness to testify. In the affidavit, counsel states, "I do not recall Antonio Hill ever telling me that Erico Hill was willing to testify at the suppression hearing[,]" and "I do not know if Erico Hill was willing to testify at the suppression hearing." Counsel also states that it was "inconceivable" that Erico was actually willing to testify at trial. (ECF No. 314-1). Petitioner, however, attaches Erico's affidavit to the amended motion to vacate. In the affidavit, Erico states that he informed Petitioner and counsel that he was willing to testify despite his guilty plea. Petitioner submitted the amended motion to vacate under oath. Petitioner states that Erico informed both Petitioner and counsel of his willingness to testify. In addition, Petitioner alleges that he requested Erico testify and that his counsel refused to call Erico. (ECF

7

No. 303-1). Thus, whether counsel's performance was objectively reasonable depends on disputed facts: was Erico available to testify and did counsel know that. This cannot be resolved on the paper record alone.

Petitioner next asserts that, had Erico testified at his suppression hearing, "there is a substantial likelihood" that the evidence that police gained during the June 24 search of Petitioner's apartment and subsequently discovered evidence would have been suppressed. (ECF No. 303, at 3-4). In such an event, Petitioner contends that he would have gone to trial because it is likely that there would not have been sufficient evidence to convict. (*Id*.). The Government does not contest that had the evidence been suppressed it would have been reasonable to go to trial. Rather, it contends that the court would be unlikely to credit Erico's testimony over the testimony of the law enforcement officer. (ECF No. 314, at 4). This argument requires a credibility determination, and such a determination cannot be done properly without a hearing. Accordingly, a hearing will be held to determine whether Erico was willing to testify, whether counsel knew of Erico's willingness to testify, and whether Petitioner was prejudiced because Erico did not testify.

**III. Conclusion**

For the foregoing reasons, an evidentiary hearing will be scheduled on Petitioner's motion to vacate (ECF No. 303). A separate order will follow.

<pre>
                            /s/
                    DEBORAH K. CHASANOW
                    United States District Judge
</pre>